Melissa A. Geist
**REED SMITH LLP**
506 Carnegie Center
Suite 300
Princeton, NJ 08540
Tel.:  (609) 987-0050

Shankar Duraiswamy
Henry Liu (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street NW
Washington, D.C. 20001
Tel.:  (202) 662-6000

*Attorneys for Defendant Eli Lilly and Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF MINNESOTA, BY ITS ATTORNEY GENERAL, KEITH ELLISON,<br><br>　　　　　　　*Plaintiff,*<br><br>v.<br><br>SANOFI-AVENTIS U.S. LLC, NOVO NORDISK, INC., AND ELI LILLY AND CO.,<br><br>　　　　　　　*Defendants.* | Case No. 3:18-cv-14999(BRM)(LHG) |

## DEFENDANT ELI LILLY AND COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by and through its attorneys, responds as

follows to the allegations in Plaintiff's Second Amended Complaint, dated April 21, 2020

("Complaint"), insofar as those allegations are made against Lilly.  Lilly answers solely on behalf of itself, and understands that each other Defendant will file its own answer.  Lilly denies any and all allegations of wrongdoing and denies that Plaintiff is entitled to any relief.

To the extent that the Complaint's headings, subheadings, or table of contents contain factual allegations, they are denied.  Lilly further answers as follows:

## INTRODUCTION

1.      Lilly admits that individuals diagnosed with diabetes may rely on analog insulin therapy.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 1, and denies those allegations on that basis.

2.      Lilly admits that it sets a list price (the wholesale acquisition cost or "WAC") for its analog insulin products, and that the list prices for its analog insulin products are reported to price reporting services.  Lilly further admits that health insurers retain Pharmacy Benefit Managers ("PBMs") to manage their prescription drug benefits, and that PBMs negotiate price discounts from drug manufacturers off prescription drugs in the form of rebates.  Lilly denies the remaining allegations in Paragraph 2 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 2 as they might pertain to others, and denies those allegations on that basis.

3.      Lilly admits that the WACs of its analog insulin products have increased over time, that it competes with other manufacturers of insulin, and that the terms of its commercial agreements with PBMs are confidential.  Lilly denies the remaining allegations in Paragraph 3 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning

the truth of the remaining allegations in Paragraph 3 as they might pertain to others, and denies those allegations on that basis.

4.      Paragraph 4 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 4 as they might pertain to it, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 4 as they might pertain to others, and denies those allegations on that basis.

## PARTIES

5.      Paragraph 5 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 5 as they might pertain to it, denies that Plaintiff's claims have merit or that the Attorney General has authority to bring this Action, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 5 as they might pertain to others, and denies those allegations on that basis.

6.      Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 6, and denies those allegations on that basis.

7.      Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 7, and denies those allegations on that basis.

8.      Admitted.

## JURISDICTION AND VENUE

9.      Paragraph 9 states legal conclusions and pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 9 as they might pertain to it.

10.      Paragraph 10 states legal conclusions and pertains to allegations or claims dismissed by the Court, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 10 as they might pertain to it.

11.      Paragraph 11 states legal conclusions and pertains to allegations or claims dismissed by the Court, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 11 as they might pertain to it.

## FACTUAL BACKGROUND

12.      Paragraph 12 purports to quote from, characterize, and/or cite an external source which speaks for itself, and therefore does not require a response.  To the extent a response is required, Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 12, and denies those allegations on that basis.

13.      Paragraph 13 is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that some patients diagnosed with diabetes must maintain a standardized treatment schedule, including undergoing injection therapy, monitoring blood glucose levels, and adhering to a diet.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 13, and denies those allegations on that basis.

4

14.     Paragraph 14 is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that insulin is a hormone usually made by the pancreas that allows a person's body to process glucose, that diabetes mellitus is a disease in which the body makes little to no insulin at all (Type 1), or the body does not make enough insulin or does not use it properly (Type 2), and that some diabetics require insulin treatments to avoid long-term complications from diabetes.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 14, and denies those allegations on that basis.

15.     Lilly admits that insulin was first discovered as a treatment for diabetic patients in 1922 through the use of insulin from animals.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 15, and denies those allegations on that basis.

16.     Paragraph 16 is definitional in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that scientists have discovered ways to produce and improve human insulin and analog insulin treatments and that analog insulins make up a significant portion of insulin sales in the United States.  Lilly denies the remaining allegations in Paragraph 16 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 16 as they might pertain to others, and denies those allegations on that basis.

17.     Paragraph 17 is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that both rapid-acting and

long-acting forms of analog insulin are currently available, and that current rapid-acting analog

insulin products include (but are not limited to): Humalog, manufactured by Lilly; NovoLog and

Fiasp, manufactured by Novo Nordisk; and Apidra, manufactured by Sanofi.  Lilly denies the

remaining allegations in Paragraph 17 as they might pertain to it.  Lilly lacks knowledge or

information sufficient to form a belief concerning the truth of the remaining allegations in

Paragraph 17 as they might pertain to others, and denies those allegations on that basis.

18.     Paragraph 18 is definitional or hypothetical in character, and therefore does not

require a response.  To the extent a response is required, Lilly admits that Basaglar is a follow-on

biologic of Lantus and that current long-acting analog insulin products include (but are not

limited to): Lantus and Toujeo, manufactured by Sanofi; Levemir and Tresiba, manufactured by

Novo Nordisk; and Basaglar, manufactured by Lilly.  Lilly denies the remaining allegations in

Paragraph 18 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form

a belief concerning the truth of the remaining allegations in Paragraph 18 as they might pertain to

others, and denies those allegations on that basis.

19.     Paragraph 19 characterizes Plaintiff's claims, states legal conclusions, and/or is

definitional or hypothetical in character, and therefore does not require a response.  To the extent

a response is required, Lilly admits that the WACs of its analog insulin products have increased

over time.  Lilly denies the remaining allegations in Paragraph 19 as they might pertain to it,

lacks knowledge or information sufficient to form a belief concerning the truth of the remaining

allegations in Paragraph 19 as they might pertain to others, and denies those allegations on that

basis.

20.     Lilly admits that the WACs of its analog insulin products have increased over time.  Lilly denies the remaining allegations in Paragraph 20 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 20 as they might pertain to others, and denies those allegations on that basis.

21.     Lilly admits that the WACs of its analog insulin products have increased over time.  Lilly lacks sufficient knowledge or information to independently verify the figures contained in Paragraph 21 and the accompanying charts, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 21 and the accompanying charts, and denies those allegations on that basis.

22.     Paragraph 22 characterizes Plaintiff's claims, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 22 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 22 as they might pertain to others, and denies those allegations on that basis.

23.     Paragraph 23 characterizes Plaintiff's claims and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 23 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 23 as they might pertain to others, and denies those allegations on that basis.

24.     Paragraph 24 characterizes Plaintiff's claims and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 24, and denies those allegations on that basis.

25.     Paragraph 25 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 25 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 25 as they might pertain to others, and denies those allegations on that basis.

26.     Paragraph 26 is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that patients who do not take their insulin as prescribed may face increased risks of complications.  Lilly denies the remaining allegations in Paragraph 26 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 26 as they might pertain to others, and denies those allegations on that basis.

27.     Paragraph 27 is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits upon information and belief that pharmacies distribute drugs to patients and that patients who do not have health insurance must generally pay a price determined by the pharmacy if those patients do not utilize patient discount cards or other patient assistance programs.  Lilly denies the remaining

8

allegations in Paragraph 27 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 27 as they might pertain to others, and denies those allegations on that basis.

28.     Paragraph 28 is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits upon information and belief that patients with health insurance may have out-of-pocket costs in the form of copays or coinsurance, and that patients typically pay monthly premiums to their health plans in exchange for coverage.  Lilly denies the remaining allegations in Paragraph 28 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 28 as they might pertain to others, and denies those allegations on that basis.

29.     Paragraph 29 is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that some patients are covered by health plans with an annual deductible.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 29, and denies those allegations on that basis.

30.     Paragraph 30 is definitional or hypothetical in character and purports to quote from, characterize, and/or cite external sources, which speak for themselves, and therefore no response is required.  To the extent a response is required, Lilly admits that the use of high-deductible plans has increased in recent years.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 30, and denies those

allegations on that basis.

31.    Paragraph 31 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that Lilly sets only the wholesale acquisition cost (WAC) of its analog insulin products and that WAC is the approximate price at which Lilly sells its analog insulin products to wholesale distributors and, pursuant to federal and state law, does not reflect rebates or other discounts provided to PBMs.  Lilly further admits that it offers rebates to PBMs that manage drug formularies through which patients access Lilly's insulin products and that those rebates and other discounts reduce the actual amounts Lilly receives for its analog insulin products. Lilly denies the remaining allegations in Paragraph 31 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 31 as they might pertain to others, and denies those allegations on that basis.

32.    Paragraph 32 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that Lilly sets only the wholesale acquisition cost (WAC) of its analog insulin products; Lilly denies that it sets the Average Wholesale Price (AWP) or other "prices" for its drug products.  Lilly denies the remaining allegations in Paragraph 32 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 32 as they might pertain to others, and denies those allegations on that basis.

33.     Paragraph 33 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that AWP is used by some health plans as a benchmark for calculating the price at which health plans reimburse pharmacies for prescriptions that they fill for plan members.  Lilly denies the remaining allegations in Paragraph 33 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 33 as they might pertain to others, and denies those allegations on that basis.

34.     Paragraph 34 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 34 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 34 as they might pertain to others, and denies those allegations on that basis.

35.     Paragraph 35 characterizes Plaintiff's claims, states legal conclusions, and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 35 as they might pertain to it. Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 35 as they might pertain to others, and denies those allegations on that basis.

36.     Paragraph 36 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required,

11

Lilly admits that it sets a list price (WAC) for its analog insulin products, and that the list prices for its analog insulin products are reported to price reporting services. Lilly denies the remaining allegations in Paragraph 36 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 36 as they might pertain to others, and denies those allegations on that basis.

37.     Paragraph 37 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response. To the extent a response is required, Lilly denies the allegations in Paragraph 37 as they might pertain to it. Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 37 as they might pertain to others, and denies those allegations on that basis.

38.     Paragraph 38 is definitional or hypothetical in character, and therefore does not require a response. To the extent a response is required, Lilly admits that some health insurers retain PBMs to manage their prescription drug benefits. Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 38, and denies those allegations on that basis.

39.     Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 39, and denies those allegations on that basis.

40.     Paragraph 40 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response. To the extent a response is required, Lilly admits that PBMs create and manage prescription drug formularies and that when a medication is excluded from formulary, health plans may require plan members to bear a greater

12

share of the medication's cost.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 40, and denies those allegations on that basis.

41.     Paragraph 41 characterizes Plaintiff's claims and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly admits that it competes aggressively for formulary placement for its analog insulin products and that PBM decisions regarding formulary inclusion or placement for analog insulin products impact demand for Lilly's analog insulin products.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 41, and denies those allegations on that basis.

42.     Paragraph 42 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that it offers rebates to PBMs that manage drug formularies through which patients access Lilly's insulin products.  Lilly denies the remaining allegations in Paragraph 42 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 42 as they might pertain to others, and denies those allegations on that basis.

43.     Paragraph 43 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that when a medication is given preferred formulary status, health plan beneficiaries may pay less out of pocket for that medication and that Lilly offers rebates to PBMs that manage

13

drug formularies through which patients access Lilly's insulin products.  Lilly denies the remaining allegations in Paragraph 43 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 43 as they might pertain to others, and denies those allegations on that basis.

44.     Paragraph 44 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that the terms of its commercial agreements with PBMs are confidential.  Lilly denies the remaining allegations in Paragraph 44 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 44 as they might pertain to others, and denies those allegations on that basis.

45.     Paragraph 45 characterizes Plaintiff's claims, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 45 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 45 as they might pertain to others, and denies those allegations on that basis.

46.     Paragraph 46 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 46 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 46 as they might pertain to others, and denies those allegations on that basis.

47.     Paragraph 47 characterizes Plaintiff's claims, states legal conclusions, and/or is

definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 47 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 47 as they might pertain to others, and denies those allegations on that basis.

48.     Paragraph 48 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that PBM decisions regarding formulary inclusion or placement for analog insulin products impact demand for Lilly's analog insulin products and that Lilly offers rebates to PBMs that manage drug formularies through which patients access Lilly's insulin products.  Lilly denies the remaining allegations in Paragraph 48 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 48 as they might pertain to others, and denies those allegations on that basis.

49.     Paragraph 49 characterizes Plaintiff's claims, and therefore does not require a response.  To the extent a response is required, Lilly admits that rebates paid to PBMs for its analog insulin products have increased over time.  Lilly denies the remaining allegations in Paragraph 49 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 49 as they might pertain to others, and denies those allegations on that basis.

50.     Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 50, and denies those allegations on that basis.

51.     Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 51, and denies those allegations on that basis.

52.     Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 52, and denies those allegations on that basis.

53.     Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 53, and denies those allegations on that basis.

54.     Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 54, and denies those allegations on that basis.

55.     Paragraph 55 purports to quote from, characterize, and/or cite an external source which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly admits that it offers rebates to PBMs that manage drug formularies through which patients access Lilly's insulin products.  Lilly denies the remaining allegations in Paragraph 55 as they might pertain to it.

56.     Paragraph 56 purports to quote from, characterize, and/or cite an external source which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly admits that it offers rebates to PBMs that manage drug formularies through which patients access Lilly's insulin products.  Lilly denies the remaining allegations in Paragraph 56 as they might pertain to it.

57.     Paragraph 57 characterizes Plaintiff's claims, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 57 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief

16

concerning the truth of the remaining allegations in Paragraph 57 as they might pertain to others, and denies those allegations on that basis.

58.     Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 58, and denies those allegations on that basis.

59.     Paragraph 59 purports to quote from, characterize, and/or cite an external source which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 59, and denies those allegations on that basis.

60.     Paragraph 60 characterizes Plaintiff's claims, states legal conclusions, and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly admits that the Complaint accurately quotes the external source, but denies any implication that the quoted source suggests that Plaintiff's claims have merit.

61.     Paragraph 61 characterizes Plaintiff's claims and states legal conclusions, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 61 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 61 as they might pertain to others, and denies those allegations on that basis.

62.     Paragraph 62 characterizes Plaintiff's claims, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 62 as they might pertain to it.  Lilly lacks sufficient knowledge or information to independently verify

17

the figures contained in Paragraph 62 and the accompanying charts, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 62 as they might pertain to others, and denies those allegations on that basis.

63.     Paragraph 63 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 63 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 63 as they might pertain to others, and denies those allegations on that basis.

64.     Paragraph 64 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 64 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 64 as they might pertain to others, and denies those allegations on that basis.

65.     Paragraph 65 characterizes Plaintiff's claims, states legal conclusions, and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 65 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 65 as they might pertain to others, and denies those allegations on that basis.

66.     Paragraph 66 characterizes Plaintiff's claims, states legal conclusions, and is hypothetical in character, and therefore does not require a response.  To the extent a response is

required, Lilly denies the allegations in Paragraph 66 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 66 as they might pertain to others, and denies those allegations on that basis.

67.     Paragraph 67 characterizes Plaintiff's claims, states legal conclusions, and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 67 as they might pertain to it.  Lilly further denies any implicit allegation that it engaged in improper conduct.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 67 as they might pertain to others, and denies those allegations on that basis.

68.     Paragraph 68 characterizes Plaintiff's claims, states legal conclusions, and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 68 as they might pertain to it.  Lilly lacks sufficient knowledge or information to independently verify the figures contained in Paragraph 68 and the accompanying charts, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 68 and the accompanying charts as they might pertain to others, and denies those allegations on that basis.

69.     Paragraph 69 characterizes Plaintiff's claims, states legal conclusions, and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly admits that it

competes aggressively by offering rebates to PBMs that manage drug formularies through which patients access Lilly's insulin products and that those rebates reduce the actual amounts Lilly receives for its analog insulin products. Lilly denies the remaining allegations in Paragraph 69 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 69 as they might pertain to others, and denies those allegations on that basis.

70.     Paragraph 70 characterizes Plaintiff's claims, states legal conclusions, and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required. To the extent a response is required, Lilly denies the allegations in Paragraph 70 as they might pertain to it. Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 70 as they might pertain to others, and denies those allegations on that basis.

71.     Paragraph 71 characterizes Plaintiff's claims, states legal conclusions, and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required. To the extent a response is required, Lilly denies the allegations in Paragraph 71 as they might pertain to it. Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 71 as they might pertain to others, and denies those allegations on that basis.

72.     Lilly denies the allegations in Paragraph 72 as they might pertain to it. Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 72 as they might pertain to others, and denies those allegations on that

basis.

73.     Lilly admits that the terms of its commercial agreements with PBMs are confidential.  Lilly denies the remaining allegations in Paragraph 73 as they might pertain to it. Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 73 as they might pertain to others, and denies those allegations on that basis.

74.     Lilly admits that the terms of its commercial agreements with PBMs are confidential.  Lilly denies the remaining allegations in Paragraph 74 as they might pertain to it. Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 74 as they might pertain to others, and denies those allegations on that basis.

75.     Paragraph 75 characterizes Plaintiff's claims, states legal conclusions, and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits upon information and belief that uninsured consumers must generally pay a price determined by the pharmacy if those consumers do not utilize patient discount cards or other patient assistance programs.  Lilly further admits that it sets only the wholesale acquisition cost (WAC) of its drug products; Lilly denies that it sets other "prices" for its drug products.  Lilly denies the remaining allegations in Paragraph 75 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 75 as they might pertain to others, and denies those allegations on that basis.

76.     Paragraph 76 characterizes Plaintiff's claims, states legal conclusions, and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that some individuals' health plans have annual deductibles and that changes in benefit designs and the increasing use of high-deductible health plans may have contributed to out-of-pocket costs for prescription medicines.  Lilly denies the remaining allegations in Paragraph 76 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 76 as they might pertain to others, and denies those allegations on that basis.

77.     Paragraph 77 characterizes Plaintiff's claims, is definitional or hypothetical in character, and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly admits that it sets only the wholesale acquisition cost (WAC) of its drug products; Lilly denies that it sets the AWP or other "prices" for its drug products.  Lilly lacks sufficient knowledge or information to independently verify the figures contained in Paragraph 77 and the accompanying charts, and denies the remaining allegations in Paragraph 77 as they might pertain to it on that basis.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 77 as they might pertain to others, and denies those allegations on that basis.

78.     Paragraph 78 characterizes Plaintiff's claims and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly lacks sufficient knowledge or information to

independently verify the figures contained in Paragraph 78 and the accompanying charts, and denies the allegations in Paragraph 78 as they might pertain to it on that basis.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 78 and the accompanying charts as they might pertain to others, and denies those allegations on that basis.

79.     Lilly denies the allegations in Paragraph 79 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 79 as they might pertain to others, and denies those allegations on that basis.

80.     Paragraph 80 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits upon information and belief that Medicare Part D is a voluntary prescription drug benefit available to patients on Medicare under which enrollees may pay out of pocket during certain phases of their coverage.  Lilly denies the remaining allegations in Paragraph 80 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 80 as they might pertain to others, and denies those allegations on that basis.

81.     Paragraph 81 characterizes Plaintiff's claims and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that it provides statutorily required discounts on its drug products to Medicare Part D enrollees while they are in the so-called "donut hole" or coverage gap.  Lilly denies the

23

remaining allegations in Paragraph 81 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 81 as they might pertain to others, and denies those allegations on that basis.

82.     Paragraph 82 characterizes Plaintiff's claims, states legal conclusions, and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly admits that some individuals with health insurance may be required by their health plan to pay a coinsurance payment for their prescriptions.  Lilly denies the remaining allegations in Paragraph 82 as they might pertain to it, lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 82 as they might pertain to others, and denies those allegations on that basis.

83.     Paragraph 83 characterizes Plaintiff's claims, states legal conclusions, and/or is definitional or hypothetical in character, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 83 as they might pertain to it. Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 83 as they might pertain to others, and denies those allegations on that basis.

84.     Paragraph 84 characterizes Plaintiff's claims and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly lacks sufficient knowledge or information to independently verify the figures contained in Paragraph 84, and denies the allegations in Paragraph 84 as they might pertain to it on that basis.  Lilly lacks knowledge or information

24

sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 84 as they might pertain to others, and denies those allegations on that basis.

85.     Paragraph 85 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 85 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 85 as they might pertain to others, and denies those allegations on that basis.

86.     Paragraph 86 characterizes Plaintiff's claims and purports to quote from, characterize, and/or cite an external source, which speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly lacks sufficient knowledge or information to independently verify the figures contained in Paragraph 86, and denies the allegations in Paragraph 86 as they might pertain to it on that basis.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 86 as they might pertain to others, and denies those allegations on that basis.

87.     Paragraph 87 characterizes Plaintiff's claims, states legal conclusions, and pertains to allegations or claims dismissed by the Court, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 87 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 87 as they might pertain to others, and denies those allegations on that basis.

88.     Paragraph 88 characterizes Plaintiff's claims and states legal conclusions, and

25

therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 88 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 88 as they might pertain to others, and denies those allegations on that basis.

89.     Lilly denies the allegations in Paragraph 89 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 89 as they might pertain to others, and denies those allegations on that basis.

90.     Lilly denies the allegations in Paragraph 90 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 90 as they might pertain to others, and denies those allegations on that basis.

91.     Paragraph 91 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 91 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 91 as they might pertain to others, and denies those allegations on that basis.

92.     Paragraph 92 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 92 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 92 as

they might pertain to others, and denies those allegations on that basis.

93.     Paragraph 93 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 93 as they might pertain to it.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 93 as they might pertain to others, and denies those allegations on that basis.

## COUNT I
### RICO ACT VIOLATION; 18 U.S.C. § 1962(c)
### (AS TO NOVO NORDISK)

94.     Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

95.     Paragraph 95 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

96.     Paragraph 96 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

97.     Paragraph 97 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

98.     Paragraph 98 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

99.     Paragraph 99 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

100.     Paragraph 100 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

101.    Paragraph 101 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

102.    Paragraph 102 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

103.    Paragraph 103 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

104.    Paragraph 104 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

105.    Paragraph 105 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

106.    Paragraph 106 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

107.    Paragraph 107 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

108.    Paragraph 108 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

109.    Paragraph 109 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

110.    Paragraph 110 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

111.    Paragraph 111 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

112.    Paragraph 112 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

113.    Paragraph 113 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

114.    Paragraph 114 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

115.    Paragraph 115 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

116.    Paragraph 116 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

117.    Paragraph 117 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

118.    Paragraph 118 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

119.    Paragraph 119 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

120.    Paragraph 120 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

## COUNT II
### RICO ACT VIOLATION; 18 U.S.C. § 1962(c)
### (AS TO NOVO NORDISK)

121.    Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

122.    Paragraph 122 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

123.    Paragraph 123 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

124.    Paragraph 124 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

125.    Paragraph 125 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

126.    Paragraph 126 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

127.    Paragraph 127 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

128.    Paragraph 128 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

129.    Paragraph 129 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

130. Paragraph 130 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

131. Paragraph 131 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

132. Paragraph 132 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

133. Paragraph 133 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

134. Paragraph 134 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

135. Paragraph 135 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

136. Paragraph 136 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

137. Paragraph 137 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

138. Paragraph 138 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

139. Paragraph 139 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

140.     Paragraph 140 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

141.     Paragraph 141 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

142.     Paragraph 142 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

143.     Paragraph 143 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

144.     Paragraph 144 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

145.     Paragraph 145 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

146.     Paragraph 146 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

147.     Paragraph 147 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

## COUNT III
### RICO ACT VIOLATION; 18 U.S.C. § 1962(c)
### (AS TO NOVO NORDISK)

148.     Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

149.     Paragraph 149 pertains to allegations or claims dismissed by the Court and relates

32

to a Count not alleged against Lilly, and therefore no response is required.

150.    Paragraph 150 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

151.    Paragraph 151 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

152.    Paragraph 152 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

153.    Paragraph 153 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

154.    Paragraph 154 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

155.    Paragraph 155 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

156.    Paragraph 156 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

157.    Paragraph 157 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

158.    Paragraph 158 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

159.    Paragraph 159 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

160.    Paragraph 160 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

161.    Paragraph 161 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

162.    Paragraph 162 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

163.    Paragraph 163 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

164.    Paragraph 164 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

165.    Paragraph 165 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

166.    Paragraph 166 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

167.    Paragraph 167 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

168.    Paragraph 168 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

169.    Paragraph 169 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

170.    Paragraph 170 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

171.    Paragraph 171 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

172.    Paragraph 172 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

173.    Paragraph 173 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

174.    Paragraph 174 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

**COUNT IV**
**RICO ACT VIOLATION; 18 U.S.C. § 1962(c)**
**(AS TO NOVO NORDISK)**

175.    Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

176.    Paragraph 176 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

177.    Paragraph 177 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

178.    Paragraph 178 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

179.    Paragraph 179 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

180.    Paragraph 180 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

181.    Paragraph 181 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

182.    Paragraph 182 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

183.    Paragraph 183 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

184.    Paragraph 184 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

185.    Paragraph 185 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

186.    Paragraph 186 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

187.    Paragraph 187 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

188.    Paragraph 188 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

189.    Paragraph 189 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

190.    Paragraph 190 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

191.    Paragraph 191 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

192.    Paragraph 192 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

193.    Paragraph 193 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

194.    Paragraph 194 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

195.    Paragraph 195 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

196.    Paragraph 196 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

197.    Paragraph 197 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

198.    Paragraph 198 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

199.    Paragraph 199 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

200.    Paragraph 200 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

201.    Paragraph 201 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

**COUNT V**
**RICO ACT VIOLATION; 18 U.S.C. § 1962(c)**
**(AS TO SANOFI)**

202.    Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

203.    Paragraph 203 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

204.    Paragraph 204 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

205.    Paragraph 205 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

206.    Paragraph 206 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

207.    Paragraph 207 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

208.    Paragraph 208 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

209.   Paragraph 209 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

210.   Paragraph 210 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

211.   Paragraph 211 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

212.   Paragraph 212 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

213.   Paragraph 213 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

214.   Paragraph 214 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

215.   Paragraph 215 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

216.   Paragraph 216 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

217.   Paragraph 217 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

218.   Paragraph 218 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

219.    Paragraph 219 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

220.    Paragraph 220 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

221.    Paragraph 221 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

222.    Paragraph 222 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

223.    Paragraph 223 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

224.    Paragraph 224 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

225.    Paragraph 225 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

226.    Paragraph 226 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

227.    Paragraph 227 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

228.    Paragraph 228 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

<b><u>COUNT VI</u></b><br>
<b>RICO ACT VIOLATION; 18 U.S.C. § 1962(c)</b><br>
<b>(AS TO SANOFI)</b>

229.    Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

230.    Paragraph 230 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

231.    Paragraph 231 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

232.    Paragraph 232 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

233.    Paragraph 233 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

234.    Paragraph 234 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

235.    Paragraph 235 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

236.    Paragraph 236 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

237.    Paragraph 237 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

238.     Paragraph 238 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

239.     Paragraph 239 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

240.     Paragraph 240 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

241.     Paragraph 241 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

242.     Paragraph 242 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

243.     Paragraph 243 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

244.     Paragraph 244 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

245.     Paragraph 245 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

246.     Paragraph 246 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

247.     Paragraph 247 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

248.     Paragraph 248 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

249.     Paragraph 249 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

250.     Paragraph 250 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

251.     Paragraph 251 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

252.     Paragraph 252 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

253.     Paragraph 253 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

254.     Paragraph 254 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

255.     Paragraph 255 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

**COUNT VII**
**RICO ACT VIOLATION; 18 U.S.C. § 1962(c)**
**(AS TO SANOFI)**

256.     Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

257.     Paragraph 257 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

258.    Paragraph 258 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

259.    Paragraph 259 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

260.    Paragraph 260 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

261.    Paragraph 261 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

262.    Paragraph 262 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

263.    Paragraph 263 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

264.    Paragraph 264 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

265.    Paragraph 265 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

266.    Paragraph 266 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

267.    Paragraph 267 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

268.    Paragraph 268 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

269.    Paragraph 269 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

270.    Paragraph 270 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

271.    Paragraph 271 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

272.    Paragraph 272 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

273.    Paragraph 273 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

274.    Paragraph 274 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

275.    Paragraph 275 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

276.    Paragraph 276 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

277.    Paragraph 277 pertains to allegations or claims dismissed by the Court and relates

to a Count not alleged against Lilly, and therefore no response is required.

278.    Paragraph 278 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

279.    Paragraph 279 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

280.    Paragraph 280 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

281.    Paragraph 281 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

282.    Paragraph 282 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

**COUNT VIII**
**RICO ACT VIOLATION; 18 U.S.C. § 1962(c)**
**(AS TO SANOFI)**

283.    Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

284.    Paragraph 284 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

285.    Paragraph 285 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

286.    Paragraph 286 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

287.     Paragraph 287 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

288.     Paragraph 288 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

289.     Paragraph 289 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

290.     Paragraph 290 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

291.     Paragraph 291 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

292.     Paragraph 292 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

293.     Paragraph 293 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

294.     Paragraph 294 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

295.     Paragraph 295 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

296.     Paragraph 296 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

297.     Paragraph 297 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

298.     Paragraph 298 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

299.     Paragraph 299 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

300.     Paragraph 300 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

301.     Paragraph 301 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

302.     Paragraph 302 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

303.     Paragraph 303 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

304.     Paragraph 304 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

305.     Paragraph 305 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

306.     Paragraph 306 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

307.    Paragraph 307 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

308.    Paragraph 308 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

309.    Paragraph 309 pertains to allegations or claims dismissed by the Court and relates to a Count not alleged against Lilly, and therefore no response is required.

**COUNT IX**
**RICO ACT VIOLATION; 18 U.S.C. § 1962(c)**
**(AS TO ELI LILLY)**

310.    Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

311.    Paragraph 311 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 311.

312.    Paragraph 312 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 312.

313.    Paragraph 313 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 313.

314.    Paragraph 314 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the

49

allegations in Paragraph 314.

315.    Paragraph 315 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 315.

316.    Paragraph 316 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 316.

317.    Paragraph 317 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 317.

318.    Paragraph 318 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 318.

319.    Paragraph 319 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 319.

320.    Paragraph 320 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 320.

321.    Paragraph 321 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the

allegations in Paragraph 321.

322.    Paragraph 322 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 322.

323.    Paragraph 323 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 323.

324.    Paragraph 324 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 324.

325.    Paragraph 325 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 325.

326.    Paragraph 326 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 326.

327.    Paragraph 327 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 327.

328.    Paragraph 328 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the

allegations in Paragraph 328.

329.    Paragraph 329 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 329.

330.    Paragraph 330 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 330.

331.    Paragraph 331 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 331.

332.    Paragraph 332 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 332.

333.    Paragraph 333 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 333.

334.    Paragraph 334 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 334.

335.    Paragraph 335 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the

allegations in Paragraph 335.

336.    Paragraph 336 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 336.

## COUNT X
### RICO ACT VIOLATION; 18 U.S.C. § 1962(c)
### (AS TO ELI LILLY)

337.    Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

338.    Paragraph 338 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 338.

339.    Paragraph 339 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 339.

340.    Paragraph 340 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 340.

341.    Paragraph 341 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 341.

342.    Paragraph 342 pertains to allegations or claims dismissed by the Court, and

therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 342.

343.    Paragraph 343 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 343.

344.    Paragraph 344 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 344.

345.    Paragraph 345 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 345.

346.    Paragraph 346 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 346.

347.    Paragraph 347 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 347.

348.    Paragraph 348 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 348.

349.    Paragraph 349 pertains to allegations or claims dismissed by the Court, and

therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 349.

350.    Paragraph 350 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 350.

351.    Paragraph 351 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 351.

352.    Paragraph 352 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 352.

353.    Paragraph 353 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 353.

354.    Paragraph 354 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 354.

355.    Paragraph 355 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 355.

356.    Paragraph 356 pertains to allegations or claims dismissed by the Court, and

therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 356.

357.    Paragraph 357 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 357.

358.    Paragraph 358 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 358.

359.    Paragraph 359 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 359.

360.    Paragraph 360 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 360.

361.    Paragraph 361 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 361.

362.    Paragraph 362 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 362.

363.    Paragraph 363 pertains to allegations or claims dismissed by the Court, and

therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 363.

### COUNT XI
### RICO ACT VIOLATION; 18 U.S.C. § 1962(c)
### (AS TO ELI LILLY)

364.    Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

365.    Paragraph 365 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 365.

366.    Paragraph 366 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 366.

367.    Paragraph 367 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 367.

368.    Paragraph 368 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 368.

369.    Paragraph 369 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 369.

370.    Paragraph 370 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 370.

371.    Paragraph 371 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 371.

372.    Paragraph 372 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 372.

373.    Paragraph 373 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 373.

374.    Paragraph 374 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 374.

375.    Paragraph 375 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 375.

376.    Paragraph 376 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 376.

377.     Paragraph 377 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 377.

378.     Paragraph 378 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 378.

379.     Paragraph 379 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 379.

380.     Paragraph 380 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 380.

381.     Paragraph 381 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 381.

382.     Paragraph 382 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 382.

383.     Paragraph 383 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 383.

384.    Paragraph 384 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 384.

385.    Paragraph 385 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 385.

386.    Paragraph 386 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 386.

387.    Paragraph 387 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 387.

388.    Paragraph 388 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 388.

389.    Paragraph 389 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 389.

390.    Paragraph 390 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 390.

## COUNT XII
## RICO ACT VIOLATION; 18 U.S.C. § 1962(c)
## (AS TO ELI LILLY)

391.    Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

392.    Paragraph 392 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 392.

393.    Paragraph 393 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 393.

394.    Paragraph 394 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 394.

395.    Paragraph 395 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 395.

396.    Paragraph 396 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 396.

397.    Paragraph 397 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the

allegations in Paragraph 397.

398.    Paragraph 398 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 398.

399.    Paragraph 399 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 399.

400.    Paragraph 400 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 400.

401.    Paragraph 401 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 401.

402.    Paragraph 402 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 402.

403.    Paragraph 403 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 403.

404.    Paragraph 404 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the

allegations in Paragraph 404.

405.    Paragraph 405 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 405.

406.    Paragraph 406 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 406.

407.    Paragraph 407 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 407.

408.    Paragraph 408 pertains to allegations or claims dismissed by the Court, and therefore no response is required  To the extent a response is required, Lilly denies the allegations in Paragraph 408.

409.    Paragraph 409 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 409.

410.    Paragraph 410 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 410.

411.    Paragraph 411 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the

allegations in Paragraph 411.

412.    Paragraph 412 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 412.

413.    Paragraph 413 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 413.

414.    Paragraph 414 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 414.

415.    Paragraph 415 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 415.

416.    Paragraph 416 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 416.

417.    Paragraph 417 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 417.

## COUNT XIII
## CONSUMER FRAUD
## (AS TO ALL DEFENDANTS)

418.     Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

419.     The statute speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly denies that Plaintiff's claims have merit and denies that Plaintiff is entitled to any relief.

420.     The statute speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly denies that Plaintiff's claims have merit and denies that Plaintiff is entitled to any relief.

421.     Paragraph 421 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 421 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 421 as they might pertain to others, and denies those allegations on that basis.

422.     Paragraph 422 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 422 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 422 as

65

they might pertain to others, and denies those allegations on that basis.

423.     Paragraph 423 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 423 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 423 as they might pertain to others, and denies those allegations on that basis.

**COUNT XIV**
**DECEPTIVE TRADE PRACTICES**
**(AS TO ALL DEFENDANTS)**

424.     Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

425.     The statute speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly denies that Plaintiff's claims have merit and denies that Plaintiff is entitled to any relief.

426.     Paragraph 426 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 426 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 426 as they might pertain to others, and denies those allegations on that basis.

427.     Paragraph 427 characterizes Plaintiff's claims and states legal conclusions, and

therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 427 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 427 as they might pertain to others, and denies those allegations on that basis.

428.     Paragraph 428 characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response.  To the extent a response is required, Lilly denies the allegations in Paragraph 428 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 428 as they might pertain to others, and denies those allegations on that basis.

429.     Paragraph 429 characterizes Plaintiff's claims, states legal conclusions, and the statute speaks for itself, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 429 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 429 as they might pertain to others, and denies those allegations on that basis.

430.     Paragraph 430 characterizes Plaintiff's claims and states legal conclusions, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 430 as they might pertain to Lilly, denies that Plaintiff's claims have

merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 430 as they might pertain to others, and denies those allegations on that basis.

431.    Paragraph 431 characterizes Plaintiff's claims and states legal conclusions, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 431 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 431 as they might pertain to others, and denies those allegations on that basis.

432.    Paragraph 432 characterizes Plaintiff's claims and states legal conclusions, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 432 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 432 as they might pertain to others, and denies those allegations on that basis.

433.    Paragraph 433 characterizes Plaintiff's claims and states legal conclusions, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 433 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 433 as they might pertain to others, and denies those allegations on that basis.

## COUNT XV
## FALSE ADVERTISING
## (AS TO ALL DEFENDANTS)

434.    Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

435.    Paragraph 435 pertains to allegations or claims dismissed by the Court, and the statute speaks for itself; therefore, no response is required.

436.    Paragraph 436 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 436 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 436 as they might pertain to others, and denies those allegations on that basis.

437.    Paragraph 437 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 437 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 437 as they might pertain to others, and denies those allegations on that basis.

438.    Paragraph 438 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 438 as they might pertain to Lilly, denies that Plaintiff's claims have

69

merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 438 as they might pertain to others, and denies those allegations on that basis.

439.    Paragraph 439 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 439 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 439 as they might pertain to others, and denies those allegations on that basis.

440.    Paragraph 440 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 440 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 440 as they might pertain to others, and denies those allegations on that basis.

441.    Paragraph 441 pertains to allegations or claims dismissed by the Court, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 441 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 441 as they might pertain to others, and denies those allegations on that basis.

**COUNT XVI**
**UNJUST ENRICHMENT**
**(AS TO ALL DEFENDANTS)**

442.     Lilly repeats and incorporates by reference each and every response set forth in this Answer as if fully set forth herein.

443.     Paragraph 443 characterizes Plaintiff's claims, states legal conclusions, and/or is definitional in character, and therefore no response is required.  To the extent a response is required, Lilly denies that Plaintiff's claims have merit and denies that Plaintiff is entitled to any relief.

444.     Paragraph 444 characterizes Plaintiff's claims, states legal conclusions, and/or is definitional or hypothetical in character, and therefore no response is required.  To the extent a response is required, Lilly denies that Plaintiff's claims have merit and denies that Plaintiff is entitled to any relief.

445.     Paragraph 445 characterizes Plaintiff's claims and states legal conclusions, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 445 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 445 as they might pertain to others, and denies those allegations on that basis.

446.     Paragraph 446 characterizes Plaintiff's claims and states legal conclusions, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 446 as they might pertain to Lilly, denies that Plaintiff's claims have

71

merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 446 as they might pertain to others, and denies those allegations on that basis.

447.    Paragraph 447 characterizes Plaintiff's claims and states legal conclusions, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 447 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 447 as they might pertain to others, and denies those allegations on that basis.

448.    Paragraph 448 characterizes Plaintiff's claims and states legal conclusions, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 448 as they might pertain to Lilly, denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 448 as they might pertain to others, and denies those allegations on that basis.

449.    Paragraph 449 characterizes Plaintiff's claims and states legal conclusions, and therefore no response is required.  To the extent a response is required, Lilly denies the allegations in Paragraph 449 as they might pertain to Lilly denies that Plaintiff's claims have merit, and denies that Plaintiff is entitled to any relief.  Lilly lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 449 as they might pertain to others, and denies those allegations on that basis.

## **RELIEF**

450.    Paragraph 450 characterizes Plaintiff's prayer for relief, and therefore no response is required.  To the extent a response is required, Lilly admits that Plaintiff seeks the relief described in Paragraph 450, but denies the allegations in Paragraph 450 and denies that any relief should be granted.

451.    Paragraph 451 characterizes Plaintiff's prayer for relief, and therefore no response is required.  To the extent a response is required, Lilly admits that Plaintiff seeks the relief described in Paragraph 451, but denies the allegations in Paragraph 451 and denies that any relief should be granted.

452.    Paragraph 452 characterizes Plaintiff's prayer for relief, and therefore no response is required.  To the extent a response is required, Lilly admits that Plaintiff seeks the relief described in Paragraph 452, but denies the allegations in Paragraph 452 and denies that any relief should be granted.

453.    Paragraph 453 characterizes Plaintiff's prayer for relief, and therefore no response is required.  To the extent a response is required, Lilly admits that Plaintiff seeks the relief described in Paragraph 453, but denies the allegations in Paragraph 453 and denies that any relief should be granted.

454.    Paragraph 454 characterizes Plaintiff's prayer for relief, and therefore no response is required.  To the extent a response is required, Lilly admits that Plaintiff seeks the relief described in Paragraph 454, but denies the allegations in Paragraph 454 and denies that any relief should be granted.

455.    Paragraph 455 characterizes Plaintiff's prayer for relief, and therefore no response is required.  To the extent a response is required, Lilly admits that Plaintiff seeks the relief described in Paragraph 455, but denies the allegations in Paragraph 455 and denies that any relief should be granted.

456.    Paragraph 456 characterizes Plaintiff's prayer for relief, and therefore no response is required.  To the extent a response is required, Lilly admits that Plaintiff seeks the relief described in Paragraph 456, but denies the allegations in Paragraph 456 and denies that any relief should be granted.

457.    Paragraph 457 characterizes Plaintiff's prayer for relief, and therefore no response is required.  To the extent a response is required, Lilly admits that Plaintiff seeks the relief described in Paragraph 457, but denies the allegations in Paragraph 457 and denies that any relief should be granted.

458.    Paragraph 458 characterizes Plaintiff's prayer for relief, and therefore no response is required.  To the extent a response is required, Lilly admits that Plaintiff seeks the relief described in Paragraph 458, but denies the allegations in Paragraph 458 and denies that any relief should be granted.

459.    Paragraph 459 characterizes Plaintiff's prayer for relief, and therefore no response is required.  To the extent a response is required, Lilly admits that Plaintiff seeks the relief described in Paragraph 459, but denies the allegations in Paragraph 459 and denies that any relief should be granted.

460.    Any allegations not specifically addressed herein are denied.

## LILLY'S AFFIRMATIVE DEFENSES

Lilly states the following defenses and reserves its right to assert other and additional defenses, cross claims, and third-party claims not asserted herein of which it becomes aware through discovery or other investigation as may be appropriate at a later time.  In asserting these defenses, Lilly does not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon Plaintiff.  Lilly avers that some of the following defenses are actually elements of Plaintiff's claims on which Plaintiff bears the burden of proof, but pleads them as defenses out of an abundance of caution.

### FIRST DEFENSE

The claims in the Complaint are barred, in whole or in part, by estoppel.

### SECOND DEFENSE

The claims in the Complaint are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRD DEFENSE

The claims in the Complaint are barred, in whole or in part, by the equitable doctrine of *in pari delicto* and/or related common law doctrines.

### FOURTH DEFENSE

The claims in the Complaint are barred, in whole or in part, and any recovery should be diminished, reduced, or offset, due to Plaintiff's comparative and/or contributory negligence and/or participation in the conduct alleged to be unlawful in the Complaint.  Should Lilly be held

liable to Plaintiff, which liability is specifically denied, Lilly would be entitled to a set-off for the total of all amounts paid to Plaintiff from all collateral sources.

### FIFTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff has been unjustly enriched by participating in, and benefiting from, the very conduct—the negotiation of rebates—that Plaintiff challenges in its Complaint.  Should Lilly be held liable to Plaintiff, which liability is specifically denied, Lilly would be entitled to a set-off for the total of all amounts paid to Plaintiff from all collateral sources.

### SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SEVENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff has failed to identify any specific false, fraudulent or fictitious representation or omission made by Lilly to Plaintiff or any persons or entities on whose behalf Plaintiff purports to assert claims in this Action.

### EIGHTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because neither Plaintiff nor any persons or entities on whose behalf Plaintiff purports to assert claims in this Action has suffered any damage, or because the alleged damages of Plaintiff or such persons or entities, if any, are speculative and uncertain.

## NINTH DEFENSE

The claims in the Complaint are barred, in whole or in part, due to lack of statutory authority.

## TENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff lacks standing, statutory standing, and/or injury in fact.

## ELEVENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because this Court lacks subject matter jurisdiction over the claims.

## TWELFTH DEFENSE

The claims in the Complaint are barred, in whole or in part, by the applicable statute(s) of limitations and repose, waiver, and laches.

## THIRTEENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because injuries and damages sustained by Plaintiff or any persons or entities on whose behalf Plaintiff purports to assert claims in this Action, if any, were not proximately caused by any act or omission of Lilly.

## FOURTEENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any.

## FIFTEENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, by lack of capacity to bring the claims asserted.

## SIXTEENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because the injuries alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by the conduct of third parties for whom Lilly was not responsible, through forces in the marketplace over which Lilly has no control, or through acts or omissions on the part of the Plaintiff.

## SEVENTEENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because the activities of Lilly alleged in the Complaint conformed with all applicable state and federal statutes, regulations and industry standards.

## EIGHTEENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Lilly did not violate any legal duty owed by it to Plaintiff or to any persons or entities on whose behalf Plaintiff purports to assert claims in this Action.

## NINETEENTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Lilly's statements, labeling, marketing materials, and pricing were not false or misleading, and therefore, constitute protected commercial speech under the First Amendment to the United States Constitution.

## TWENTIETH DEFENSE

The claims in the Complaint are barred, in whole or in part, because they are pre-empted by federal law.

## TWENTY-FIRST DEFENSE

The claims in the Complaint are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

## TWENTY-SECOND DEFENSE

The claims in the Complaint should be dismissed, in whole or in part, because the Court lacks personal jurisdiction over Lilly and venue is improper.

## TWENTY-THIRD DEFENSE

The claims in the Complaint are barred, in whole or in part, because Lilly did not misrepresent or conceal any fact material to Plaintiff or any persons or entities on whose behalf Plaintiff purports to assert claims in this Action.

## TWENTY-FOURTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff, any persons or entities on whose behalf Plaintiff purports to assert claims in this action, such persons' prescribing physicians, and other consumers did not rely on any alleged misrepresentation or concealment by Lilly.

## TWENTY-FIFTH DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff has failed to plead with the required particularity the circumstances constituting alleged fraud or fraudulent concealment.

## TWENTY-SIXTH DEFENSE

To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Lilly's rights under the United States Constitution.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, to the extent Plaintiff seeks injunctive relief, because neither Plaintiff nor any person or entity on whose behalf Plaintiff purports to assert claims in this Action is at risk of suffering irreparable harm.

## TWENTY-EIGHTH DEFENSE

Plaintiff is not entitled to any award of punitive damages because there is no clear and convincing evidence that Lilly acted wantonly, recklessly, oppressively, with reckless indifference, with malice, or in any other manner justifying an award of punitive or exemplary damages.

## TWENTY-NINTH DEFENSE

Any award of punitive damages would violate Lilly's rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; and similar provisions in the

80

Constitution, laws, public policies, and statutes of the state under whose laws Plaintiff sues,

insofar as such damages are awarded by a jury or other fact-finder that: (a) is not provided with a

standard of sufficient clarity for determining the appropriateness, and the appropriate size, of a

punitive damages award; (b) is not adequately and clearly instructed on the limits of punitive

damages imposed by the applicable principles of deterrence and punishment; (c) is not expressly

prohibited from awarding punitive damages, or determining the amount of an award of punitive

damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including

the corporate status, wealth, or state of residence of Lilly; (d) is permitted to award punitive

damages under a standard for determining liability for such damages that is vague and arbitrary

and does not define with sufficient clarity the conduct or mental state that makes punitive

damages permissible; and/or (e) is not subject to trial court and appellate judicial review for

reasonableness and the furtherance of legitimate purposes on the basis of objective standards.

## THIRTIETH DEFENSE

Any award of punitive damages would violate Lilly's rights under the Due Process

Clause of the Fifth and Fourteenth Amendments to the United States Constitution; the Excessive

Fines Clause of the Eighth Amendment to the United States Constitution; the Double Jeopardy

Clause of the Fifth Amendment to the United States Constitution; and similar provisions in the

Constitution, laws, public policies, and statutes of the State under whose laws Plaintiff sues,

insofar as such damages are (a) imposed and determined without bifurcating the trial and trying

all punitive damages issues only if and after the liability of Lilly has been found on the merits,

and/or (b) imposed and determined based on anything other than Lilly's conduct in connection

81

with the sale of the products alleged in this litigation, or in any other way subjecting Lilly to impermissible multiple punishments for the same alleged wrong.

## THIRTY-FIRST DEFENSE

Plaintiff is not entitled to an award of costs, penalties, or attorneys' fees under any theory alleged in the Complaint.

## THIRTY-SECOND DEFENSE

Plaintiff has failed to join indispensable parties needed under Rule 19 of the Federal Rules of Civil Procedure.

## THIRTY-THIRD DEFENSE

Lilly hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other Defendant to the extent Lilly may share in such defense.

## THIRTY-FOURTH DEFENSE

Lilly reserves the right to supplement this Answer with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend the Answer accordingly.

## THIRTY-FIFTH DEFENSE

Lilly affirmatively pleads and relies upon all defenses and affirmative defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure or in the statutes under which Plaintiff has brought suit, that are or may hereafter become applicable to the claims made herein, and expressly reserves any and all other defenses, including affirmative defenses which may become apparent during the course of discovery.

## PRAYER FOR RELIEF

Based upon the foregoing, Lilly prays that (a) Plaintiff takes nothing by reason of the

Complaint; (b) judgment be entered dismissing the Complaint on the merits, in its entirety and

with prejudice, (c) Lilly recover its costs and attorneys' fees incurred herein; and (d) this Court

grant such other relief as it deems just and appropriate.

Lilly demands trial by jury on all issues so triable.


Dated:  May 25, 2021                                   Respectfully Submitted,


                                    By:  /s/ Melissa A. Geist
                                        Melissa A. Geist
                                        **REED SMITH LLP**
                                        506 Carnegie Center
                                        Suite 300
                                        Princeton, NJ 08540
                                        Tel.:  (609) 987-0050

                                        Shankar Duraiswamy
                                        Henry Liu (*pro hac vice*)
                                        **COVINGTON & BURLING LLP**
                                        One CityCenter
                                        850 10th Street NW
                                        Washington, D.C. 20001
                                        Tel.:  (202) 662-6000

                                        *Attorneys for Defendant*
                                        *Eli Lilly and Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of May, 2021, I caused copies of Defendant Eli Lilly and Company's Answer and Affirmative Defenses to the Second Amended Complaint and this Certificate of Service to be served to all counsel and parties of record via ECF.

Dated:  May 25, 2021                          Respectfully submitted,

By:     _s/ Melissa A. Geist_
Melissa A. Geist
**REED SMITH LLP**
506 Carnegie Center
Suite 300
Princeton, NJ 08540
Tel.:  (609) 987-0050
mgeist@reedsmith.com

*Attorney for Defendant*
*Eli Lilly and Company*